# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0014, <u>Gianna Valentino v. Town of Hooksett</u>, the court on October 21, 2020, issued the following order:**

Having considered the opening, supplemental, and re-filed reply briefs filed by the plaintiff, Gianna Valentino, the memorandum of law filed by the defendant, the Town of Hooksett (Town), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals the following orders of the Superior Court (<u>Tucker</u>, J.) in her action against the Town: (1) a September 3, 2019 order dismissing the plaintiff's amended complaint without prejudice to her right to move to amend her complaint; (2) a November 8, 2019 order dismissing the plaintiff's newly amended complaint; (3) a December 9, 2019 order denying the plaintiff's motion for a hearing and to reconsider the court's November 8 order as well as the plaintiff's request for oral argument; and (4) a January 3, 2020 order denying the plaintiff's motion for clarification. We affirm.

This case involves the Town's plan to install parking spaces in a public right of way that abuts the plaintiff's property. The Town seeks to install the parking spaces so as to facilitate access to the Clay Pond conservation area. In her amended complaint that was dismissed without prejudice, the plaintiff acknowledged that the Town had the legal right to install the parking spaces in the public right of way. However, because she disagreed with the Town's approach, she sought a court order giving her a voice in the project's implementation. In addition, the plaintiff's amended complaint included claims involving the Right-to-Know Law, <u>see</u> RSA ch. 91-A (2013 & Supp. 2019).

In its September 3, 2019 order, in response to the Town's motion, the trial court dismissed the plaintiff's amended complaint without prejudice. With regard to the plaintiff's requests for a court order to give her a voice in the project's implementation, the court ruled that the plaintiff had failed to state claims for which relief could be granted. Alternatively, the court decided that the plaintiff lacked standing to bring those claims because they were premised upon assertions of a generalized wrong, not specific to the plaintiff.

The court dismissed the plaintiff's Right-to-Know claims on the ground that they were conclusory, and dismissed any other claims for relief that were part of her amended complaint because such claims were inadequately

developed.  The dismissal was without prejudice to the plaintiff's right to move to amend her complaint to correct its deficiencies, but not to add entirely new causes of action.

Thereafter, the plaintiff filed another amended complaint in which she alleged that the Town violated the Right-to-Know Law by: (1) failing to give her 14 documents in July 2018 that it gave her in December 2018; and (2) providing another person, in response to that person's Right-to-Know request, correspondence between the plaintiff and the Town.  She also alleged that a Town board violated the Right-to-Know Law by not going into non-public session when people at a meeting expressed frustration with her and when one of the board's members viewed the proposed parking site with the Town's public work director and chatted with one of the plaintiff's neighbors.

In its November 8 order, the trial court dismissed the newly amended complaint on the ground that she had failed to state claims upon which relief could be granted.  The court also dismissed the new claims that the plaintiff had added to her complaint and dismissed the claims that the plaintiff had re-alleged, but that had already been dismissed by the court's September 3 order.

The trial court subsequently denied the plaintiff's motion for a hearing, motion to reconsider, request for a hearing to argue the merits of her motions for a hearing and to reconsider, and her motion for clarification.  The court explained that it had denied the plaintiff's motion for reconsideration because "the matters raised did not involve material points of law or fact that were overlooked or misapprehended."  The court had denied the plaintiff's request for oral argument "because it would not have been of assistance in deciding the issues presented."  This appeal followed.

In reviewing a trial court's decision to grant a motion to dismiss, we examine whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery.  Pro Done, Inc. v. Basham, 172 N.H. 138, 141 (2019).  We assume the facts alleged in the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff.  See id.  However, we do not assume the truth of statements that are merely conclusions of law.  Sanguedolce v. Wolfe, 164 N.H. 644, 645 (2013).  We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss.  Id.

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's orders, the plaintiff's challenges to them, the relevant

law, and the record submitted on appeal, we conclude that she has not demonstrated reversible error.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**